NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 1 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TERRY ALEXANDER,

Plaintiff-Appellant,

v.

LOS ANGELES COUNTY JAIL; et al.,

Defendants-Appellees.

No. 15-55741

D.C. No. 2:11-cv-06981-SVW-E

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted February 14, 2017**

Before:     GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

Terry Alexander appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging federal claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015). We affirm.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment on Alexander's claims related to (1) the failure to approve him as a wheelchair user, and (2) the denial of a wheelchair and a cell complaint with the Americans with Disabilities Act while in solitary confinement, because Alexander failed to raise a genuine dispute of material fact as to whether he properly exhausted administrative remedies or whether administrative remedies were effectively unavailable to him. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("[P]roper exhaustion of administrative remedies . . . means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." (emphasis, citation, and internal quotation marks omitted)); *Williams*, 775 F.3d at 1191 (a prisoner who does not exhaust administrative remedies must show that "there is something particular in his case that made the existing and generally available administrative remedies effectively unavailable to him . . . .").

We reject as meritless Alexander's contentions that the district court did not properly manage the discovery process and failed to take judicial notice of non-party inmates' assertions.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n. 2 (9th Cir. 2009).

All pending motions are denied.

**AFFIRMED.**

2                                                                    15-55741